UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**UNITED STATES OF AMERICA,**                                         **Plaintiff**

v.                                                 Civil Action No. 3:20-cr-93-BJB-1

**CORTEZ LAMONT EDWARDS,**                                     **Defendant**

\* \* \* \* \*

## ORDER DENYING MOTION TO SUPPRESS

During a period of unrest in Louisville, a Facebook Live video broadcast a man standing on a porch, holding a gun, stating that he was a convicted felon, and offering to shoot nearby police officers if viewers paid him $30,000. Louisville Metro Police reviewed the video, ATF connected the account with Defendant Cortez Edwards, and "Investigative Research Specialists" conducted a background check on Edwards. The search confirmed Edwards was a convicted felon and lived at the house where the video was recorded. An ATF agent obtained and executed a federal search warrant for Edwards's residence.

Each of these factual assertions appeared in the affidavit supporting that warrant application. *See* DN 1 at 3–4. And the search authorized by the warrant uncovered a gun, cash, and drug paraphernalia. A grand jury subsequently indicted Edwards on a single charge of possessing a firearm as a convicted felon. 18 U.S.C. § 922(g)(1).

Edwards moved to suppress the evidence seized from his residence, as well as statements made during and after the search, on the ground that probable cause didn't support the warrant. The ATF agent's affidavit, Edwards's motion contends, failed to establish a nexus between Edwards' alleged criminal activity and his home. DN 21 at 2. After a referral, briefing, and argument, the Magistrate Judge issued a thorough and persuasive Report and Recommendation. DN 31 (R&R). "Witness testimony was not needed" to resolve this motion, as Edwards acknowledges, because "the Court's analysis is limited to the four corners of the affidavit supporting the search warrant." Objections to R&R (DN 32) at 1 n.1.

The Report and Recommendation sets forth the relevant facts surrounding Edwards's video, search, and warrant. DN 31 at 1–3. The Court incorporates that discussion rather than reciting it here.

Consistent with Congress' command, this Court has reviewed the briefing, the Report and Recommendation, and Edwards's Objections under a *de novo* standard. 28 U.S.C. § 636(b)(1)(C). Those filings make clear that the Magistrate Judge had a "substantial basis" for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited. *See U.S. v. Johnson,* 351 F.3d 254, 258 (6th Cir. 2003). More than a "fair probability" existed, "given the totality of the circumstances, that contraband or evidence of a crime w[ould] be found

in a particular place"—here, a gun in Edwards's residence. *United States v. Greene,* 250 F.3d 471, 478 (6th Cir. 2001). Although Edwards lodged four objections to the Report, those objections rehash arguments already addressed and rejected by the Magistrate Judge. The Court therefore overrules the objections and adopts the Report and Recommendation.

Edwards first objects that *United States v. McPhearson* compels suppression here. Obj. at 2 (citing 469 F.3d 518 (6th Cir. 2006)). There the Court of Appeals affirmed a suppression ruling, holding that finding a small amount of drugs during a search incident to arrest on a porch didn't establish probable cause to search the inside of the home for more drugs. It reached this conclusion for several reasons: the suspect was arrested for a non-drug offense, the suspect's prior convictions concerned only non-drug crimes, and no evidence suggested the suspect was a known drug dealer. *McPhearson*, 469 F.3d at 522–25. Nor did the officer's affidavit cite the officer's experience in law enforcement to connect suspected drug dealers with drug paraphernalia in their home, or to connect the amount of drugs found in the defendant's pocket with a likelihood of drugs in the home. *Id.*

According to Edwards, the factors that led to suppression in *McPhearson* apply here, only more so: in that case the suspect had possessed the drugs *inside* the home before his arrest outside, whereas Edwards was only seen outside the home on the porch. Drawing that conclusion, however, ignores the nature of the place and evidence at issue here, as the Magistrate Judge explained:

> The gist of *McPhearson* is that just because a defendant is found with a relatively small amount of an illicit drug on his person when arrested at his home, one cannot reasonably infer that *additional* drugs and evidence of drug trafficking will probably be found inside the home. Here, that reasoning doesn't apply because in this case, the warrant sought the firearm that Edwards had recorded himself holding, which, of course, had not yet been seized.

R&R at 7–8. Here, in contrast to *McPhearson*, the affidavit directly connected Edwards's status as a felon, his presence at the home, and his possession of a gun on the porch of that home. And the Agent, in seeking authority to search for "firearms and other items pertaining to firearms and firearms violations," relied on his training and experience regarding where firearms are typically stored. All of this supported a finding of probable cause to search the residence. (DN 21-1 at 3–5.)

The second objection is that the Magistrate Judge's findings overemphasize Edwards's presence on his porch, even though "merely being present at the residence is not sufficient to establish probable cause." Obj. at 2. Edwards, however, wasn't merely present at his house; he recorded himself apparently committing a crime on his front porch. The affidavit stated that:

> [T]he captured Facebook Live recordings show EDWARDS standing on the front porch of the residence in possession of the AR pistol, admitting that he is a convicted felon and speaking of shooting the Louisville Metro Police Department officers on the scene. The captured video includes the view from the front porch of 1301 South 28th Street Louisville, KY 40211.

DN 21-1 at 4.  Edwards's filming from his porch allowed the affidavit to particularize the search warrant to the residence where probable cause indicated the evidence shown in the video was likely to be found.  *See U.S. v. Houston*, No. 3:13-09, 2014 WL 259085, at *8–9 (E.D. Tenn. Jan 23, 2014).  This is precisely the "nexus" that Edwards seeks between the place to be search and the evidence sought.  *See* Obj. at 1, 2.

The third objection fails for the same reason.  Edwards contends that the Magistrate Judge did not consider whether a sufficient link connected the place to be searched and the items sought after concluding that the felon-in-possession crime was "continuous" in nature.  The Report and Recommendation shows this is wrong:

> Given that the firearm had not been seized and that "[f]irearms are durable goods and might well be expected to remain in a criminal's possession for a longer period of time," it follows that firearm remained somewhere in Edwards' possession. …  And, when the only place Edwards had been seen with the firearm was on the porch of his home and just outside his home, it is reasonable to conclude that the "somewhere" was inside his home.

R&R at 8 (quoting *United States v. O'Connor*, 723 F. App'x 302, 310 (6th Cir. 2018) (testimony linking defendant to firearm and separate evidence linking defendant to vehicle supported inference that the defendant "was keeping the weapon either in the rented car or at the residence")).

Nor did the recommendation rest on the nature of the offense alone.  *Contra* Obj. at 4 (citing *United States v. Goodwin*, 552 F. App'x. 541, 546 (6th Cir. 2014)).  As the Magistrate Judge explained, the affidavit also explicitly summarized the investigation that occurred, the special agent's experience, the fact that Edwards stood on the porch of the residence in possession of a modified AR pistol, and Edwards' admission that he is a convicted felon and comments about shooting officers on scene.  R&R at 6–7 (citing warrant application (DN 21-1) at 2–5).  This was more than enough to allow a magistrate judge considering a warrant application to draw a reasonable inference about where the sought-after evidence would be kept.  *See, e.g.*, *United States v. Caicedo*, 85 F.3d 1184, 1193 (6th Cir. 1996) ("The issuing judge or magistrate 'may give considerable weight to the conclusion of experience law enforcement officers regarding where evidence of a crime is likely to be found' and is 'entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense.'").

Fourth, and finally, Edwards objects that the Report and Recommendation failed to consider additional factors that might have shed more light on the "link [or lack thereof] between the home and the crime": the event, he maintains, was isolated, triggered no independent investigation, revealed no intent to keep the gun, involved no informant, and relied on no evidence regarding where the gun was stored.  Obj. at 5.  Although these factors might of course be relevant to a probable-cause determination, nothing in Edwards's arguments indicates the law treats them as *essential*.  As discussed above and in the Magistrate Judge's opinion, the totality of the circumstances as presented in the affidavit clearly showed a "fair probability" that a gun Edwards wasn't allowed to possess would be located in the house where he recently broadcast himself on the porch possessing a gun.

The Court therefore overrules the objections, accepts and adopts the Report and Recommendation in its entirety, and denies the motion to suppress.

June 2, 2021

Copies to:   All Counsel

Benjamin Beaton, District Judge
United States District Court